NO. 4-00-0407

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

BONNIE JEAN BURWELL,

Plaintiff-Appellant,

v.

LLOYD C. BURWELL,

Defendant-Appellee.

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

Champaign County

No. 76C361

Honorable

Harry E. Clem,

Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In January 2000, the trial court entered judgment in favor of plaintiff, Bonnie Jean Burwell, and against defendant, Lloyd C. Burwell, and awarded Bonnie $15,100 in unpaid child support.  The court later denied Bonnie's request for prejudgment interest on the unpaid support.  

Bonnie appeals, arguing that the trial court erred by not awarding prejudgment interest in accordance with section 12-109 of the Code of Civil Procedure (Code) (735 ILCS 5/12-109 (West 1998)).  We reverse and remand.

I. BACKGROUND

In March 1977, the trial court entered an order dissolving the parties' marriage, granting custody of their only child, John (born November 3, 1976), to Bonnie, and ordering Lloyd to pay $100 per month in temporary child support, beginning April 1, 1977.  In November 1977, the court entered an order setting permanent child support at $100 per month.

In September 1999, Bonnie filed a motion for entry of judgment, seeking $23,200 in unpaid child support that had accrued between April 1, 1977 (the date of the initial temporary order for child support), and November 3, 1994 (the date that John reached 18 years of age).  Bonnie also sought prejudgment interest on the child support arrearage and attorney fees.  

In January 2000, the trial court entered an order pursuant to the parties' agreement, awarding Bonnie $15,100 in unpaid child support.  The court reserved ruling on the questions of interest and attorney fees.  Following a hearing later that month, the court granted Bonnie's request for attorney fees but denied her request for prejudgment interest "in the exercise of its discretion."  After pronouncing its ruling at the hearing, Bonnie's counsel asked the court to comment on the impact of section 505(d) of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (750 ILCS 5/505(d) (West Supp. 1999) (effective until June 1, 2000)) on the court's ruling.  The court responded that (1) section 505(d) was enacted after 1994 and thus was not in effect while the child support order was in effect (April 1977 through November 1994), and (2) during the time that the child support order was in effect, the awarding of interest on child support judgments was a matter within the trial court's discretion. 

In February 2000, Bonnie filed a motion to reconsider, in which she argued that pursuant to (1) section 505(d) of the 

Dissolution Act (then section 505(c) (Pub. Act 85-2, §2, eff. May 1, 1987 (1987 Ill. Laws 1, 6-7))) and (2) the amended version of section 12-109 of the Code (see Pub. Act 85-2, §6, eff. May 1, 1987 (1987 Ill. Laws at 14), as amended see 735 ILCS 5/12-109 (West 1998)), both of which took effect on May 1, 1987, she was entitled to interest on the unpaid child support that accrued after June 1, 1987.  Following a March 2000 hearing, the trial court denied Bonnie's motion.  In so ruling, the court explained that it was compelled to follow 
In re Marriage of Kaufman
, 299 Ill. App. 3d 508, 701 N.E.2d 186 (1998).  This appeal followed.

II. ANALYSIS

A. Lloyd's Failure To File a Brief

Initially, we note that Lloyd did not file a brief in support of the trial court's order.  In 
First Capitol Mortgage Corp. v. Talandis Construction Corp.
, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976), the supreme court held that when the record is simple and the claimed errors are such that a reviewing court can easily decide them without the aid of the appellee's brief, the reviewing court should decide the merits of the appeal.  Because we conclude that this is such a case, we address the merits of Bonnie's appeal despite Lloyd's failure to file a brief.  

B. Standard of Review

The facts are not disputed and the issue raised on this appeal is one of law--that is, whether the imposition of interest on child support judgments is mandatory under section 12-109 of the Code (735 ILCS 5/12-109 (West 1998)).  We review questions of law 
de
 
novo
.  
Panhandle Eastern Pipe Line Co. v. Environmental Protection Agency
, 314 Ill. App. 3d 296, 300, 734 N.E.2d 18, 21 (2000).   

C. Prejudgment Interest 

Bonnie argues that the trial court erred by failing to apply section 12-109 of the Code (735 ILCS 5/12-109 (West 1998)) and award her interest accordingly.  For the following reasons, we agree.

In 
Finley v. Finley
, 81 Ill. 2d 317, 332, 410 N.E.2d 12, 19 (1980), the supreme court held that whether to impose interest on child support judgments lies within the trial court's discretion.  In so holding, the court explained that divorce proceedings are similar to chancery proceedings and therefore should be governed, to a great extent, by the rules governing such proceedings.  In chancery proceedings, interest on judgments is allowed when equitable considerations warrant it.   

Seven years after 
Finley
, the General Assembly amended section 505 of the Dissolution Act and section 
12-109 of the Code by enacting Public Act 85-2 (Pub. Act. 85-2, §§2, 6, eff. May 1, 1987 (1987 Ill. Laws at 5-6, 14)).  The amendment to section 505 of the Dissolution Act added what is now subsection (d), which states, in pertinent part, as follows:  "Each *** judgment [of child support] shall have the full force, effect[,] and attributes of any other judgment of this State, including the ability to be enforced."  750 ILCS 5/505(d) (West Supp. 1999).  Amended section 12-109 of the Code provides, in pertinent part, that "[e]very judgment arising by operation of law from a child support order shall bear interest as provided in [s]ection 2-1303 commencing 30 days from the effective date of each such judgment."  735 ILCS 5/12-109 (West 1998). 

In 
Kaufman
, 299 Ill. App. 3d at 509, 701 N.E.2d at 187, the appellant argued that interest on late payments under an order of maintenance was mandatory.  Specifically, she contended that (1) the General Assembly enacted section 505(d) of the Dissolution Act in response to 
Finley
, and that pursuant to that section, interest on a child support award is mandatory, and (2) 
Finley
 should not be applied to other dissolution judgments, such as orders to pay maintenance.  
Kaufman
, 299 Ill. App. 3d at 509, 701 N.E.2d at 187.  The appellate court disagreed and concluded that (1) section 505(d) of the Dissolution Act did not (a) address the question of interest or (b) apply to spousal maintenance awards; (2) not all civil judgments are subject to mandatory interest, therefore granting dissolution judgments the "full force and effect of law" does not mean that interest will automatically attach; and (3) the legislature did not intend to make interest mandatory on dissolution judgments.  
Kaufman
, 299 Ill. App. 3d at 512, 701 N.E.2d at 189.  The court further held that, pursuant to 
Finley
, the "allowance of interest on all dissolution judgments is within the discretion of the trial court."  
Kaufman
, 299 Ill. App. 3d at 511, 701 N.E.2d at 188.

In this case, the trial court's reliance on 
Kaufman
 was misplaced.  First, the 
Kaufman
 court addressed a question regarding maintenance; therefore, its analysis of section 505(d) of the Dissolution Act--a section expressly addressing child support--constitutes 
dicta
.  Moreover, because child support was not at issue in 
Kaufman
, the
 court did not consider or apply section 12-109 of the Code, as amended in 1987
, which unequivocally states that judgments of child support 
shall
 bear interest as provided in section 2-1303 of the Code (735 ILCS 5/2-1303 (West 1998)).  735 ILCS 5/12-109 (West 1998).  Accordingly, we conclude that the trial court erred by determining that interest was discretionary, and Bonnie is entitled to interest on unpaid support accrued between June 1, 1987, and November 1994. 

In so concluding, we note that 
In re Marriage of Steinberg
, 302 Ill. App. 3d 845, 855-56, 706 N.E.2d 895, 902-03 (1998), does not require a different result.  In that case, the respondent argued that the trial court erred by holding that interest on child support was mandatory under section 505(d) of the Dissolution Act.  
Steinberg
, 302 Ill. App. 3d at 855, 706 N.E.2d at 902.  The reviewing court agreed, citing both 
Finley
 and 
Kaufman
.  However, the parties did not raise and the 
Steinberg
 court did not address section 12-109 of the Code in reaching its conclusion.  
Steinberg
, 302 Ill. App. 3d at 855-56, 706 N.E.2d at 902-03.

III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

McCULLOUGH, J., concurs.

COOK, J., dissents.

JUSTICE COOK, dissenting:

I respectfully dissent and would affirm the decision of the trial court.  The majority today abandons a long-standing and well-considered ruling of our supreme court.  See 
Finley
, 81 Ill. 2d at 332, 410 N.E.2d at 19 (in dissolution of marriage cases, orders for future periodic payments do not draw interest unless the trial court so exercises its discretion).  The majority concludes its action is required by a 1987 amendment to section 12-109, that "[e]very judgment arising by operation of law from a child support order shall bear interest as provided in [s]ection 2-1303."  735 ILCS 5/12-109 (West 1998).  Section 2-1303, however, was the section considered in 
Finley
.     

There is a difference between money judgments entered in civil cases and orders for future periodic payments entered in  dissolution of marriage cases.  The dissolution judgment might not even contain a definite amount but may simply order the noncustodian to pay a percentage of his income.  
In re Marriage of Singleteary
, 293 Ill. App. 3d 25, 33, 687 N.E.2d 1080, 1086 (1997).  
As in the present case, the custodian may return to court many years later, complaining that the noncustodian at some point has failed to pay some child support.  The trial court will hear the evidence, determine the amount unpaid, and enter a judgment for that amount.  Certainly from that point in time the custodian will be entitled to interest on the judgment.  But was the custodian entitled to interest from the moment the custodian failed to comply with the order setting support?  Again, 
Finley
 says that such an award of interest in a dissolution of marriage case is not mandatory but lies within the discretion of the trial court.  

For many years there has been a duplication between section 12-109, which had its origin in the statute dealing with judgments (Ill. Rev. Stat. 1977, ch. 77, par. 7), and section 2-1303, which had its origin in the statute dealing with interest (Ill. Rev. Stat. 1977, ch. 74, par. 3).  In 1980, the year 
Finley
 was decided, the predecessor of section 12-109 provided: 

"Every judgment shall bear interest there-

on, from the date of the recovery of the judgment 

until the same is paid, at the rate of 8% 

per annum."  Ill. Rev. Stat. 1979, ch. 77, 

par. 7.  

At that time, the predecessor of section 2-1303 provided:

"Judgments recovered before any court 

shall draw interest at the rate of 9% per 

annum from the date of the judgment until 

satisfied ***."  Ill. Rev. Stat. 1979, ch. 74, 

par. 3.  

Two separate statutes accordingly provided for interest on judg-ments.  Even though
 
Finley
 did not cite the parallel language contained in the predecessor of section 12-109, the holding of 
Finley
 must be read as applying to that language.  

In 1984, section 12-109 of the Code was amended to eliminate the duplication and to simply refer to section 2-1303 without setting out any substantive provisions.  Pub. Act 83-1398, §5, eff. September 12, 1984 (1984 Ill. Laws 2747, 2748).  After the 1984 amendment section 12-109 read, "[e]very judgment shall bear interest thereon as provided in [s]ection 2-1303."  Ill. Rev. Stat. 1985, ch. 110, par. 12-109.  The language of section 12-209 on which the majority relies was accordingly in existence prior to 1987, and it was clear at that time that the language was intended to avoid duplication, not to change the 
Finley
 rule on discretionary interest.  

In 1987, in connection with the amendments to section 505 of the Dissolution Act, section 12-109 was amended to address judgments "arising by operation of law from child support orders."  Pub. Act 85-2, §6, eff. May 1, 1987 (1987 Ill. Laws at 14).  The amended language provides, "[e]very judgment arising by operation of law from a child support order shall bear interest as provided in [s]ection 2-1303 commencing 30 days from the effective date of each such judgment."  735 ILCS 5/12-109 (West 1998).  There are two basic provisions here:  (1) child support orders shall bear interest as provided in section 2-1303, and (2) there is a grace period of 30 days before interest begins to run.  Section 12-109 does not say anything about the discretion of the trial court, only that such orders shall bear interest as provided in section 2-1303.  Under section 2-1303, basically unchanged since it was addressed in 
Finley
, interest is discretionary.
        

The majority attempts to distinguish 
Steinberg
 with the argument that "the 
Steinberg
 court did not address section 12-109 of the Code in reaching its conclusion."  Slip op. at 6.  The 
Steinberg
 court did discuss the 1987 amendment to section 505(d), however, including an extensive discussion of the legislative history of that amendment.  Amended section 12-109 was a part of that same amendment, and it seems clear that the 
Steinberg
 court was aware of the 1987 amendment to section 12-109.  In any event we must consider whether the language of section 12-109, 
i.e.
, that child support judgments "shall bear interest as provided in [s]ection 2-1303," adds anything to the language of sections 2-1303 of the Code and 505(d) of the Dissolution Act, which were considered by the 
Steinberg
 court.  
Steinberg
 rejected the argument that the broad language in section 2-1303 of the Code (dealing with interest on judgments) and the broad language in section 505(d) of the Dissolution Act (dealing with child support judgments) changed the rule that interest on child support judgments was discretionary.  The language in section 12-109, duplicative of the language in section 2-1303, is even less persuasive than the language of the other sections, and the failure to cite section 12-109 in 
Steinberg
 does not provide support for the majority's decision here.   

The majority complains that 
Kaufman
, although a maintenance case, addressed section 505(d) of the Dissolution Act, which expressly addresses child support.  Slip op. at 5-6.  The majority then suggests that because 
Kaufman
 was a maintenance case, it did not consider section 12-109, which is a child support provision.  Slip op. at 6.  The fact of the matter is that both child support and maintenance are "periodic payments ordered by the court" and have been discussed interchangeably in the cases.  
Finley
 was a child support case, but it cited alimony cases.  
Finley
, 81 Ill. 2d at 331-32, 410 N.E.2d at 19.  The 
Finley
 rule applies not just to child support or to maintenance but to every allowance of interest in a divorce proceeding.  
Finley
, 81 Ill. 2d at 331-32, 410 N.E.2d at 19.  As the majority points out, both the language it relies upon from section 12-109 of the Code, and a portion of the language of section 505(d) of the Dissolution Act discussed in 
Kaufman
 (then section 505(c)), were contained in the same public act.  Pub. Act 85-2, §§6, 2, eff. May 1, 1987 (1987 Ill. Laws at 14, 6-7).  
That public act was not added with the intent of changing the way interest is awarded in Illinois dissolution judgments.  The public act was added to comply with federal law and prevent the loss of large sums of federal funds and to prevent retroactive reduction of child support, especially by courts in other states.  
Kaufman
, 299 Ill. App. 3d at 512-13, 701 N.E.2d at 189.  The legislative intent in amending section 12-109 of the Code was to add a 30-day grace period, not to change the rule that the award of interest on past-due child support is discretionary.  If the legislature had intended to change such a long-standing and sensible rule, it would have done so explicitly.

The wisdom of a rule that places the award of interest within the discretion of the trial court is illustrated by this case.  Bonnie chose to bring this action for unpaid child support in 1999, when the child was 23 years old.  The child will not receive any advantage from this child support.  Bonnie sought $23,200 in unpaid child support; the trial court awarded $15,100, an indication there was some uncertainty as to amount.  Orders for future periodic payments are not as definite as money judgments.  Another example of this uncertainty is found in the cases where the noncustodian takes over the custody of the child.  Even if the child support order is not revoked, the former custodian will be estopped to enforce it.  
Johnston v. Johnston
, 196 Ill. App. 3d 101, 104-05, 553 N.E.2d 93, 96 (1990); 
In re Marriage of Duerr
, 250 Ill. App. 3d 232, 235-37, 621 N.E.2d 120, 123-24 (1993).  Computing interest on a money judgment may not require much more than a multiplication of the number of days unpaid by the interest rate; computing interest on a child support order is a much more complicated process.  Interest on child support orders should be discretionary with the trial court.