No. 2--01--0737    

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

ADVANCE IRON WORKS, INC., ) Appeal from the Circuit Court

) of Lake County.

Plaintiff-Appellant, )

) 

v. ) No. 99--CH--879

)

ECD LINCOLNSHIRE THEATER, ) 

L.L.C.; REGAL CINEMAS, INC.; ) 

FIRST UNION NATIONAL BANK;  )

U.S. BANK NATIONAL ASSOCIATION; )

UNKNOWN OWNERS and LIENHOLDERS; )

and NONRECORD CLAIMANTS,  )

    ) 

Defendants  ) 

  ) Honorable

(William A. Randolph, Inc.,  ) Margaret J. Mullen,

Defendant-Appellee). ) Judge, Presiding.

_________________________________________________________________

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

Defendant William A. Randolph, Inc. (Randolph), was the general contractor for the construction of a movie theater.  Randolph contracted with plaintiff, Advance Iron Works, Inc. (Advance), to do some steel work.  These are the only parties involved in this appeal.  Advance appeals the judgment of the trial court denying its motion for interest and attorney fees under the Mechanics Lien Act (the Act) (770 ILCS 60/0.01 
et seq.
 (West 2000)).  Advance argues that the trial court entered an agreed order that modified an arbitration provision in the contract.  We reverse and remand.

The contract contained a clause providing as follows:

"Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration[.]"
 

During construction of the theater, Advance filed a four-count complaint against Randolph because amounts remained due under the contract.  Count I sought an accounting under the Act.  Count II sought damages for breach of contract.  Count III sounded in 
quantum meruit
, and count IV was for unjust enrichment.  During the proceedings, the trial court entered an agreed order, in which the parties agreed as follows:

"Proceedings on Count I ***, Count III ***, and Count IV *** are hereby stayed pending arbitration of Count II ***.  The Court shall retain jurisdiction over the parties and the subject matter of Counts I, III, and IV of the Complaint for the purpose of allowing Advance ***, should it prevail at arbitration, to pursue all of its rights and remedies for accounting under the *** Act and for Quantum Meruit or Unjust Enrichment in the alternative.  The stay of Counts I, III and IV granted herein is without prejudice to any of the Defendants' rights to file any motion to dismiss, answer and counterclaim to the Complaint."

In opening statements at the arbitration, Advance stated that it had prepared an interest calculation, but Advance was not sure whether the arbitrator would be awarding interest under the Act.  The calculation provided, among other things, that Advance was seeking interest 
and attorney fees under the Act.  However, after opening statements, the arbitrator requested a new calculation.  Advance did not include interest or attorney fees under the Act in this new calculation.  

In closing statements, Advance explained that although the contract did not contain an attorney fees provision, the Act did provide for such fees.  Advance also explained that if judgment was entered on its breach of contract claim, it would seek interest and attorney fees under the Act in the trial court.  At the close of the hearing, the arbitrator granted Advance $83,278.00, denied attorney fees under the contract, and stated that "[a]ll claims not expressly granted herein are, [
sic
] hereby denied."

After arbitration, Advance moved in the trial court for interest and attorney fees under the Act.  Advance claimed that it withdrew such claims in the arbitration.  The trial court denied the motion, finding, among other things, that under the contract all matters were to be arbitrated.  This timely appeal followed. On appeal, Advance argues that the agreed order modified the arbitration provision in the contract.  Before addressing this issue, we must consider Randolph's waiver and mootness arguments.  First, Randolph claims that Advance has waived its argument because it failed to raise it in the trial court.  See 
Killion v. Meeks
, 333 Ill. App. 3d 1188, 1190 (2002)
 (arguments not raised in the trial court are considered waived on appeal
).  In the trial court, Advance argued that the arbitrator had no authority to resolve the issues of interest and attorney fees under the Act because the trial court retained jurisdiction over those matters.  
On appeal, Advance argues that the agreed order modified the arbitration provision in the contract.  We believe these arguments are, in essence, the same.  Clearly, the trial court retained jurisdiction over Advance's claims for interest and attorney fees under the Act because the agreed order modified the arbitration provision in the contract.  As such, Advance has not waived this argument for our review. 

Moreover, even if we were to find that Advance did not raise its argument in the trial court, we note that waiver is a limitation on the parties, not the courts.  See 
Geise v. Phoenix Co. of Chicago
, 159 Ill. 2d 507, 514 (1994)
.  Thus, in order to obtain a just result and maintain a sound and uniform body of precedent
, we decline to waive Advance's argument on appeal.  
Geise
, 159 Ill. 2d at 514.

Second, Randolph claims that the appeal is moot because Advance has collected the judgment from Randolph.  Generally, a party cannot attack a judgment after enjoying its benefits if, were the judgment reversed on appeal, the opposing party would be disadvantaged.  
Gold v. Rader
, 201 Ill. App. 3d 775, 781 (1990).  Here, we determine that Randolph would not be disadvantaged if the judgment were reversed because the judgment does not include interest or attorney fees under the Act.  Thus, we deny Randolph's request to find the appeal moot.

We now address the merits of this appeal.  As noted previously, Advance claims that the agreed order, to have count II arbitrated, modified the arbitration clause in the contract.  In response to this argument, Randolph claims that Advance sought interest and attorney fees at the arbitration, and, thus, it was precluded from seeking those same expenses in the trial court. 

We address Randolph's claim first.  Randolph cites 
Slaney v.  International Amateur Athletic Federation
, 244 F.3d 580, 591 (7
th Cir. 2001), for the proposition that a party cannot voluntarily submit a matter to arbitration and later claim, when that party is unsuccessful, that the arbitrator lacked authority to decide the matter.  In the present case, Advance is not arguing that the arbitrator did not have the 
authority to render a judgment concerning interest and attorney fees under the Act.  Rather, Advance argues that these matters were not even raised at  arbitration.  We agree.
  
As discussed above, Advance was initially seeking interest and attorney fees under the Act.  However, upon the request of the arbitrator, Advance submitted a new damages calculation that did not include interest or attorney fees under the Act.  Moreover, Advance stated in its closing argument at the arbitration that in the event a judgment was entered on the breach of contract dispute, it would seek interest and attorney fees under the Act in the trial court.
  
Accordingly, Randolph's claim fails.

We now address Advance's claim.  Arbitration is a favored means of dispute resolution.  
United Cable Television Corp. v. Northwest Illinois Cable Corp.
, 128 Ill. 2d 301, 306 (1989).  The purpose of arbitration is to avoid the formalities, delay, and expenses of litigation.  
Hough v. Osswald
, 198 Ill. App. 3d 1056, 1057 (1990).  Thus, courts regard arbitration as an effective and cost-efficient way to resolve disputes.  
Johnson v. Baumgardt
, 216 Ill. App. 3d 550, 555-56 (1991).

The issue here is whether the agreed order, which assigned only count II to arbitration, could modify the contract provision that stated that all matters related to the contract or a breach thereof must be submitted to arbitration.  Because this issue involves the construction of contracts, our review is 
de novo
.  
Diamond v. United Food & Commercial Workers Union Local 881
, 329 Ill. App. 3d 519, 524 (2002).

An agreed order is not a judicial determination of the parties' rights, but, rather, it is a recordation of the agreement the parties reached.  
Kandalepas v. Economou
, 269 Ill. App. 3d 245, 252 (1994).  Like any other agreement, an agreed order is subject to the law of contracts.  
Kandalepas
, 269 Ill. App. 3d at 252.  In interpreting a contract, the court must give the contract's terms their plain and obvious meaning.  
Krilich v. American National Bank & Trust Co. of Chicago
, 334 Ill. App. 3d 563, 574 (2002).
  Terms may be modified as long as there is consideration for the modification, which may be manifested with some bargained-for exchange between the parties.  
Doyle v. Holy Cross Hospital
, 186 Ill. 2d 104, 112 (1999).

Here, giving the terms in the agreed order their plain and obvious meaning, both parties agreed to have only count II submitted to arbitration.  The parties also agreed that the trial court would retain jurisdiction over, among other things, count I, which was for an accounting under the Act.  Through this agreement, both parties gave up the right to arbitrate counts I, III, and IV of the complaint.  The parties clearly could modify the contract in such a way, and, based on this modification, the trial court should have resolved whether Advance was entitled to interest and attorney fees under the Act.

For these reasons, we reverse the judgment of the circuit court of Lake County and remand the cause.

Reversed and remanded.

HUTCHINSON, P.J., and CALLUM, J., concur.