No. 2--06--0404                                             filed: 1/11/07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| EDWIN HARDER, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 04--L--881 |
| | ) | |
| TIMOTHY KELLY and ILLINOIS | ) | |
| CENTRAL RAILROAD COMPANY, a/k/a | ) | |
| Canadian National, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Hortica Insurance Company, as Subrogee of | ) | Honorable |
| Schaeffer's Greenhouse, Inc., Intervenor- | ) | Stephen J. Culliton, |
| Appellant). | ) | Judge, Presiding. |

___

JUSTICE O'MALLEY delivered the opinion of the court:

Hortica Insurance Company (Hortica) intervened in a personal injury lawsuit filed in the

circuit court of Du Page County by plaintiff, Edwin Harder. Hortica provided workers'

compensation insurance to plaintiff's employer, Schaeffer's Greenhouse, Inc. (Schaeffer's), and

had paid worker's compensation benefits to plaintiff for the injuries forming the basis of the

personal injury lawsuit. Hortica asserted that it was subrogated to Schaeffer's right to assert a lien

under section 5(b) of the Workers' Compensation Act (Act) (820 ILCS 305/5(b) (West 2004)) on

any judgment or settlement of the lawsuit. The trial court ruled, however, that Schaeffer's had

-1-

forfeited the lien. Hortica appeals. We reverse and remand.

Plaintiff filed the underlying lawsuit on August 17, 2004, naming Timothy Kelly and the Canadian National Railroad Company (CNRC) as defendants. (CNRC was misnamed in the complaint as "Illinois Central Railroad Co., *** a/k/a Canadian National.") Plaintiff sought recovery for injuries allegedly suffered in a motor vehicle accident. Plaintiff alleged that while his vehicle was stopped in traffic on Interstate 55, it was struck from behind by a vehicle operated by Kelly, an employee of CNRC. Plaintiff proceeded against Kelly under a negligence theory and proceeded against CNRC under the doctrine of respondeat superior. The record reveals that on November 4, 2004, defendant settled a workers' compensation claim against Schaeffer's based on the injuries sustained in the accident. On December 5, 2005, the tort claims against Kelly and CNRC were dismissed with prejudice pursuant to a settlement agreement. On December 20, 2005, Hortica moved to intervene.

The settlement of plaintiff's workers' compensation claim is memorialized in a settlement contract lump-sum petition and order (settlement contract) prepared on a form supplied by the Illinois Industrial Commission (now known as the Illinois Workers' Compensation Commission). The settlement contract provides, in pertinent part:

"[Schaeffer's] agrees to pay and [plaintiff] agrees to accept $16,634.25 in a lump sum in full and final settlement of all claims for compensation, medical, hospital and other expenses, past, present or future, arising out of the accident described and under the terms of the [Act]. *** Review under Section 19(h) and all rights under Sections 4, 8, 16, and 19 of the Act are expressly waived by the parties hereto. It is the responsibility of

[plaintiff] to satisfy the outstanding medical charges out of the proceeds of this settlement. It is not the responsibility of [Schaeffer's] to satisfy any outstanding medical charges, known or unknown."

The settlement contract does not specifically mention Schaeffer's lien under section 5(b).

The trial court granted Hortica's motion to intervene. However, the trial court ruled that, pursuant to the decision of the Appellate Court, Fourth District, in Borrowman v. Prastein, 356 Ill. App. 3d 546 (2005), Schaeffer's had forfeited its lien. Although the trial court expressed serious doubts about the soundness of Borrowman's reasoning, the trial court concluded that, in the absence of any contrary authority, it was bound by Borrowman's holding. Accordingly, the trial court entered an order denying Hortica's claim of a lien under section 5(b). This appeal followed.

Section 5(b) of the Act provides, in pertinent part:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to

be paid by him to such employee or personal representative \*\*\*.  \*\*\*

        \*\*\*

If the injured employee or his personal representative agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party."  (Emphasis added.)  820 ILCS 305/5(b) (West 2004).

Section 5(b) further provides that the employer must receive notice of such a lawsuit and that the employer may join in the action.  820 ILCS 305/5(b) (West 2004).

In Borrowman, the employee fractured his heel in a work-related accident on April 7, 1995.  After surgery to repair the fracture, the employee developed an infection.  Antibiotics prescribed to treat the infection caused the employee to suffer irreversible inner ear damage, and he brought a medical malpractice suit against the physician who prescribed them.  While the medical malpractice lawsuit was pending, the employee settled a workers' compensation claim against his employer.  Thereafter the employee settled his medical malpractice lawsuit and filed a petition to adjudicate the employer's lien under section 5(b) of the Act.  The trial court ruled that the employer was entitled to a lien for a portion of the workers' compensation settlement.  Presumably that portion represented the amount of compensation paid to the employee that was attributable to the medical malpractice rather than the foot injury.  On appeal, however, the Appellate Court, Fourth District, reversed, holding that the employer was not entitled to a lien.

The Borrowman court focused on the language of the workers' compensation settlement agreement, which stated, in pertinent part:

" 'The above constitutes a full, final[,] and complete settlement of any and all claims for temporary total disability, permanent partial and/or permanent total disability incurred or to be incurred by [the employee] by reason of an industrial injury occurring on or about April 7, 1995, or by reasons of any claim or cause of action by [the employee] against [the employer] of any nature whatsoever.' " Borrowman, 356 Ill. App. 3d at 550.

The court noted that although the employer was aware of the pending medical malpractice lawsuit, the agreement did not "refer to, or contain any reservation of rights (or waiver) with regard to, [the] malpractice action." Borrowman, 356 Ill. App. 3d at 550. The court reasoned:

"Because [the employer] was aware of [the employee's] allegations against [his physician] ***, it is reasonable to conclude, by the lack of any reference thereto, that [the employer] forfeited its lien rights in its 'full, final[,] and complete settlement' with [the employee]. It is also reasonable to assume, due to the fact it was not mentioned in the agreement, [the employer's] claim of a potential lien was not an issue during the negotiations surrounding the workers' compensation settlement. We find nothing in the record to refute the fact that all concerned negotiated and bargained (1) in good faith and (2) with full knowledge of the then-current circumstances and their impendent rights.

For this court to hold that [the employer] was entitled to a lien against [the employee's] malpractice settlement proceeds when [the employer] (1) failed to reserve its right in its workers' compensation settlement *** and (2) knew of the pending malpractice

-5-

action at the time would completely nullify both parties' good-faith dealings. Such a holding would have [the employee] return to [the employer] the money that [the employer] previously agreed to give [the employee] without a change in circumstances. It would not only belie Illinois's public policy of encouraging settlements [citation] but would effectively serve as a repudiation of the agreement. We hold that [the employer] should be bound by the terms of its agreement and is not entitled to a section 5(b) lien on the malpractice case." Borrowman, 356 Ill. App. 3d at 551.

During the pendency of this appeal, in Gallagher v. Lenart, 367 Ill. App. 3d 293 (2006), appeal allowed, No. 103522 (November 29, 2006), the Appellate Court, First District, specifically rejected the analysis in Borrowman. The facts in Gallagher are similar to the facts in this case. The employee settled a workers' compensation claim for injuries sustained in a work-related motor vehicle accident. The employee then filed a personal injury lawsuit against the other driver involved in the accident. The employee settled the personal injury claim and the employer intervened to enforce its lien under section 5(b). Relying on Borrowman, the trial court ruled that the employer was not entitled to claim a lien. Gallagher, 367 Ill. App. 3d at 294-96. The appellate court reversed, concluding that the holding of Borrowman was "unsupported by case law, contrary to several principles behind the Act, and at odds with general contract law." Gallagher, 367 Ill. App. 3d at 298.

The Gallagher court initially noted that Borrowman provided no support for its analysis. Gallagher, 367 Ill. App. 3d at 298. Examining the policy considerations behind the Act, the court stated that "[a]n employer's reimbursement of workers' compensation payments from an

-6-

employee's third-party recovery is crucial to the workers' compensation scheme." Gallagher, 367 Ill. App. 3d at 299, citing In re Estate of Dierkes, 191 Ill. 2d 326, 331 (2000). The court observed that reimbursing an employer (who is subject to no-fault liability under the Act) "accords with ' "the moral idea that the ultimate loss from wrongdoing should fall upon the wrongdoer." ' " Gallagher, 367 Ill. App. 3d at 299, quoting Dierkes, 191 Ill. 2d at 332, quoting 6 A. Larson & L. Larson, Larson's Workers' Compensation Laws §110.01, at 110--2 (1999). The court also pointed out that section 5(b) advances the Act's policy of preventing an injured worker from receiving a double recovery (Gallagher, 367 Ill. App. 3d at 299) and that our supreme court has emphasized that " ' "[i]t is of the utmost importance that the trial court protect an employer's [workers' compensation] lien." ' " Gallagher, 367 Ill. App. 3d at 301, quoting Dierkes, 191 Ill. 2d at 333, quoting Blagg v. Illinois F.W.D. Truck & Equipment Co.,143 Ill. 2d 188, 195 (1991). Thus, the court concluded that "Borrowman's holding that an employer waives or forfeits its workers' compensation lien by not specifically reserving it in a settlement of the employee's workers' compensation claim when the employer knew of a pending claim against a third-party tortfeasor contravenes the Act's purposes." Gallagher, 367 Ill. App. 3d at 301.

The Gallagher court also noted that under general contract law principles (1) a court ordinarily cannot modify the existing terms of a contract or add new terms to which the parties do not appear to have assented and (2) where a contract purports on its face to be a complete expression of the parties' agreement, a court will not add a term about which the agreement is silent. Gallagher, 367 Ill. App. 3d at 301-02. The court reasoned:

"With its holding, Borrowman contradicts these principles. The settlement

agreement in <u>Borrowman</u>, like the agreement in the present case, does not contain any reference to the employer's workers' compensation lien and, specifically, does not include a waiver of that lien. Based on the general contract principles cited above, the court should presume that if the employer meant to waive its statutorily created lien as part of the settlement of the employee's workers' compensation claim, it would have specifically included such a waiver in the settlement agreement. <u>Borrowman</u>'s holding instead rewrites the contract, which was negotiated by lawyers representing both parties, and adds a provision which the parties did not include. The plain language of the settlement agreement indicates that the parties did not intend to resolve the issue of the employer's workers' compensation lien within that settlement. The <u>Borrowman</u> court assumed, without any basis, that the agreement's silence on the issue of the workers' compensation lien meant that the employer chose to waive that lien and its right to recover hundreds of thousands of dollars from any future third-party recovery by the employee. Such an assumption contravenes well-established contract law in Illinois.

Further, waiver is the voluntary and intentional relinquishment of a known right by conduct inconsistent with an intent to enforce that right. [Citation.] The absence of any reference to an employer's lien in a settlement agreement, without more, cannot constitute such a voluntary and intentional relinquishment of that right." <u>Gallagher</u>, 367 Ill. App. 3d at 302.

We find the reasoning in <u>Gallagher</u> persuasive and we choose to follow that decision rather than <u>Borrowman</u>. Like the court in <u>Gallagher</u>, we see no reason under the Act or general

contract principles why an employer should be required to include an affirmative reservation of rights in a settlement agreement when there is nothing in the agreement otherwise suggestive of an intent to waive the right to a lien under section 5(b).

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

HUTCHINSON and KAPALA, JJ., concur.