# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Marriage of Tutor*, 2011 IL App (2d) 100187

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF TERRY TUTOR, Petitioner-Appellee, and BRIAN TUTOR, Respondent-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0187 |
| Filed | August 26, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly awarded petitioner postjudgment interest on the amount respondent was ordered to pay her for her share of the marital estate, despite his bankruptcy and claims that the agreed bankruptcy order did not mention interest or that the interest was not dischargeable, that the petition for interest was barred by *res judicata*, that he complied with the order for payments, and that *laches* applied. |
| Decision Under Review | Appeal from the Circuit Court of Kendall County, No. 01-D-132; the Hon. Linda S. Abrahamson, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Stephen M. Cooper, Peter M. Storm, and Philip J. Piscopo, all of Cooper, Storm & Piscopo, of Geneva, for appellant.

James A. Murphy, Grant S. Wegner, and R. Peter Grometer, all of Mahoney, Silverman & Cross, LLC, of Joliet, for appellee.

Panel   JUSTICE McLAREN delivered the judgment of the court, with opinion.

Presiding Justice Jorgensen and Justice Burke concurred in the judgment and opinion.

**OPINION**

¶ 1   Respondent, Brian Tutor, appeals an order awarding petitioner, Terry Tutor, postjudgment interest for Brian's failure to make timely payments he owed Terry for her share of the parties' marital estate. On appeal, Brian argues that (1) the trial court erred by granting the petition for postjudgment interest, because the parties entered into a settlement agreement that did not provide for interest on the marital property debt; (2) the trial court violated the agreed bankruptcy order by imposing interest on a nondischarged debt; (3) the trial court erred by failing to dismiss Terry's petition for postjudgment interest because it was barred by *res judicata*; (4) Brian was in full compliance with the agreed bankruptcy order; and (5) Terry was guilty of *laches* by failing to file a petition for interest for more than two years following the entry of the agreed bankruptcy order. We affirm.

¶ 2            I. FACTS

¶ 3   On June 23, 2004, after a bench trial, the trial court entered a judgment of dissolution of marriage between the parties. Article 5.1C of the judgment provided:

"[Terry] shall receive a lump sum payment in the amount of $88,929.73 within 60 days of the date of this order which represents her 65% share of the remaining marital estate of $165,443.51 after $28,628.55 has been paid from the marital estate to pay off the marital debts."

Brian failed to pay Terry within 60 days of the date of the entry of the judgment of dissolution of marriage.

¶ 4   On August 24, 2004, Brian filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois. On January 5, 2005, Terry filed an adversary complaint in bankruptcy court, asking the court to declare that Brian's marital property debt owed to Terry was nondischargeable.

¶ 5   On February 7, 2007, the bankruptcy court entered an agreed order stating that the

marital property debt was nondischargeable. The bankruptcy court then ordered that "the Debtor, Brian Tutor, shall satisfy the debt due and owing to [Terry] as follows":

> (1) from February 15, 2007, through January 15, 2008, $300 per month, in addition to maintenance;
>
> (2) from February 15, 2008, $500 per month, until maintenance is terminated; and
>
> (3) from the termination of maintenance until the marital property debt is paid in full, $1,800 per month.

All monthly payments were due on or before the fifteenth of the month. The agreed bankruptcy order also provided the following:

> "In the event the Defendant, Brian Tutor fails to make any payment within 10 days of the date any installment payment hereunder is due, the terms and provision of this order providing for installment payments be and are hereby terminated *instanter* and Plaintiff, Terry Tutor, upon notice, shall be entitled to appear before the Circuit Court of the Sixteenth Judicial Circuit, Kendall County, Illinois to seek immediate enforcement of the terms and provisions of Article 5.1C of the Judgment for Dissolution of Marriage."

¶ 6       On April 24, 2007, the bankruptcy court entered a discharge order. On April 9, 2009, Terry filed in the trial court a petition seeking postjudgment interest from the date of the entry of the agreed bankruptcy order due to "delay in paying the judgment." Brian filed a motion to dismiss, arguing that Terry's petition was barred by *res judicata*, accord and satisfaction, the bankruptcy court's discharge order, the agreed bankruptcy order, and *laches*. The trial court denied Brian's motion to dismiss.

¶ 7       On January 26, 2010, after hearing arguments of counsel, the trial court granted Terry's petition for postjudgment interest calculated pursuant to section 2-1303 of the Code of Civil Procedure (735 ILCS 5/2-1303 (West 2010)).

¶ 8       Brian filed this timely appeal.


¶ 9                                          II. ANALYSIS

¶ 10       We will not disturb a trial court's award of postjudgment interest absent an abuse of discretion. See *In re Marriage of Polsky*, 387 Ill. App. 3d 126, 141 (2008). A trial court abuses its discretion where no reasonable person would take the view adopted by the trial court. *In re Marriage of O'Brien*, 393 Ill. App. 3d 364, 382 (2009).


¶ 11                            A. The Agreed Bankruptcy Order

¶ 12       On appeal, Brian first argues that the trial court erred by granting Terry's petition for postjudgment interest because nothing in the agreed bankruptcy order obligated Brian to pay Terry interest on the marital property debt.

¶ 13       An agreed order is not a judicial determination of the parties' rights; it is a recitation of an agreement between the parties and is subject to the rules of contract interpretation. *Advance Iron Works, Inc. v. ECD Lincolnshire Theater, L.L.C.*, 339 Ill. App. 3d 882, 887 (2003). When construing a contract, the primary objective is to give effect to the intent of the parties. *Gallagher v. Lenart*, 226 Ill. 2d 208, 232 (2007). The plain and ordinary meaning

of the language of the contract is the best indication of the intent of the parties. *Gallagher*, 226 Ill. 2d at 233. A court may not add to a contract terms that the parties have not expressly included. *Chatham Corp. v. Dann Insurance*, 351 Ill. App. 3d 353, 359 (2004). Waiver is the "intentional relinquishment of a known right" and must be explicit. *Gallagher*, 226 Ill. 2d at 229.

¶ 14    In *Borrowman v. Prastein*, 356 Ill. App. 3d 546, 550 (2005), the appellate court held that a contract's silence on the issue of a workers' compensation lien meant that the employer chose to waive any such lien. In *Harder v. Kelly*, 369 Ill. App. 3d 937, 939 (2007), this court disagreed with *Borrowman*. In *Harder*, the trial court ruled, based on *Borrowman*, that an employer waived its workers' compensation lien even though the settlement agreement was silent regarding the issue. *Harder*, 369 Ill. App. 3d at 939. This court reversed the trial court, reasoning:

> "[W]e see no reason under the Act or general contract principles why an employer should be required to include an affirmative reservation of rights in a settlement agreement when there is nothing in the agreement otherwise suggestive of an intent to waive the right to a lien ***." *Harder*, 369 Ill. App. 3d at 943.

¶ 15    Further, in *Gallagher*, our supreme court held that, where a contract is silent regarding waiver, an assumption of waiver contravenes the explicit-waiver rule. *Gallagher*, 226 Ill. 2d at 238. The explicit-waiver rule provides that, where an important right is at issue, "an explicit manifestation of intent is required before the right in question can be deemed waived." *Gallagher*, 226 Ill. 2d at 239.

¶ 16    In this case, the agreed bankruptcy order did not contain an explicit waiver of Terry's right to postjudgment interest. We see no reason under general contract principles why we should impute to Terry an intent to waive her right, or a duty to affirmatively reserve her right, to such postjudgment interest when the agreed bankruptcy order is silent regarding the issue. *Gallagher*, 226 Ill. 2d at 238; see also *Harder*, 369 Ill. App. 3d at 942. Thus, the fact that the agreed bankruptcy order is silent regarding the issue of interest does not establish that the trial court abused its discretion by awarding interest.

¶ 17    Brian argues that this case is controlled by *Solar v. Weinberg*, 274 Ill. App. 3d 726 (1995). We disagree with Brian because, in *Solar*, the appellate court did not reach the issue of whether a contract's silence regarding interest precludes the award of such. Further, the defendant in *Solar* did not breach the settlement agreement at issue, as Brian did in this case. See *Solar*, 274 Ill. App. 3d at 732-33. Thus, *Solar* is not applicable to the case at bar.

¶ 18    Next, Brian argues that the agreed bankruptcy order's terms and the amounts that it required Brian to pay on the marital property debt reveal that the parties could not have intended that he would have to pay interest. Brian cites to the following language contained in the agreed bankruptcy order: "Debtor, Brian Tutor, shall *satisfy the debt* due and owing to [Terry] as follows." (Emphasis added.) Because the agreed bankruptcy order is silent regarding the issue of interest, nothing indicates Terry's intent to waive her right to such, including the language cited by Brian. The language cited by Brian introduces the schedule for payment and cannot reasonably be interpreted as a waiver of Terry's right to interest.

¶ 19                                B. Discharge Order

¶ 20    Next, Brian argues that nothing in the agreed bankruptcy order stated that interest on the marital property debt was nondischargeable. Therefore, interest on the property debt was discharged, like Brian's other debt. This argument mistakenly assumes that the postjudgment interest was a debt that existed prior to the entry of the discharge order. Because the postjudgment interest debt did not exist until after the trial court ordered Brian to pay it on January 26, 2010, it could not have been discharged by the bankruptcy court in its order on April 24, 2007.

¶ 21                                    C. *Res Judicata*

¶ 22    Next, Brian argues that the trial court erred by failing to dismiss Terry's petition for postjudgment interest because it was barred by *res judicata*. "Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008).

¶ 23    In this case, the agreed bankruptcy order was not a final judgment on the merits. "A judgment is deemed final, for purposes of *res judicata*, if it terminates litigation on the merits so that the only issue remaining is proceeding with its execution." *SDS Partners, Inc. v. Cramer*, 305 Ill. App. 3d 893, 896 (1999). In this case, the agreed bankruptcy order did not terminate the litigation; rather, it provided that, if Brian failed to comply, Terry had the right to seek enforcement of the judgment of dissolution in the circuit court. Thus, the agreed bankruptcy order did not resolve all of the issues.

¶ 24    Accordingly, Terry's petition for postjudgment interest was not barred by *res judicata*.

¶ 25                                    D. Breach

¶ 26    Brian also argues that he was in full compliance with the agreed bankruptcy order. Brian states, "the parties and trial court agree that [he] made his payments." To support this contention, Brian cites Terry's petition for postjudgment interest and the trial court's order granting Terry's petition. However, these documents do not support Brian's statement. The trial court's order provides only that "both parties agree that Brian is *current* on his payments." (Emphasis added.) The fact that Brian was current on his payments does not mean that he was in compliance with the agreed bankruptcy order, which required him to make monthly payments of certain amounts. Further, Brian cites to nothing in the record to support his claim that he was in compliance with the agreed bankruptcy order. In fact, Brian failed to provide a complete record on appeal; most notably, he failed to include a transcript of the hearing on the petition for postjudgment interest. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Because the record is incomplete and Brian cites to nothing in the record to support his argument, there is no basis to determine that he complied with the agreed bankruptcy order. See *Foutch*, 99 Ill. 2d at 392.

¶ 27    Brian also cites to a chart attached to his reply brief to support his contention that he made all his payments. Because this chart is attached to Brian's brief on appeal and is not

contained in the record on appeal, we cannot consider it on review. See *Lake v. State*, 401 Ill. App. 3d 350, 352 (2010). Thus, Brian's argument that he was in full compliance with the agreed bankruptcy order fails.

¶ 28                                                    E. *Laches*

¶ 29    Brian also argues that the trial court erred by awarding interest to Terry because the award was barred by *laches*. Brian argues that Terry waited over two years after the agreed bankruptcy order was entered before seeking interest on the marital property debt.

¶ 30    In order to prevail on the affirmative defense of *laches*, Brian was required to prove that: (1) Terry lacked due diligence in bringing suit; and (2) this delay in bringing the suit resulted in prejudice to Brian. See *Lozman v. Putnam*, 379 Ill. App. 3d 807, 822 (2008). A trial court's determination of whether *laches* bars a claim depends on the facts and circumstances of each case. *Lozman*, 379 Ill. App. 3d at 822. We will not disturb a trial court's determination of *laches* unless it is clearly wrong and constitutes an abuse of discretion. *Lozman*, 379 Ill. App. 3d at 822.

¶ 31    In this case, Brian claims that because Terry waited two years to file her petition, he now has to pay $40,000 in interest until 2014. Brian fails to cite to any page in the record to support his argument. See Ill. S. Ct. R. 341(h)(7) (eff. Sept. 1, 2006) (providing that appellate argument must include, *inter alia*, citation to pages of the record relied on). Thus, this issue is forfeited. See *Elder v. Bryant*, 324 Ill. App. 3d 526, 533 (2001). Therefore, Brian has failed to establish that Terry's delay in filing the petition prejudiced him. Accordingly, Brian has failed to establish that the award of interest was barred by *laches*.

¶ 32                                                III. CONCLUSION

¶ 33    For the reasons stated, the judgment of the circuit court of Kendall County is affirmed.

¶ 34    Affirmed.