In re MARY HABER.—(SARAH MORAN, Petitioner-Appellee, v. MARTIN BREINER, Respondent-Appellant.)

First District (1st Division)    Nos. 79-2233, 80-1207 cons.

Opinion filed August 10, 1981.

Martha A. Mills, Sue Anne Hermann, and Ellen J. Morgan, all of Cotton, Watt, Jones, King & Bowlus, of Chicago, for appellant.

Jerome F. Goldberg, of Goldberg & Murphy, Ltd., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

In case number 79-2233, respondent Martin Breiner appeals from the trial court's denial of his motion to vacate or modify an injunctive order. Case number 80-1207 involves respondent's appeal from an order denying a motion to vacate the injunctive order, adjudging him in contempt of court for violating the injunction, and fining him $500. A motion to consolidate the two cases was allowed for the purpose of appeal.

On appeal, respondent contends that the injunctive order was invalid and that the contempt order should be reversed. He alternatively argues that the contempt proceedings should be reversed and the cause remanded for a trial by jury.

We affirm and modify in part.

On January 12, 1979, the trial court found Mary Haber, daughter of petitioners Mr. and Mrs. Sam Haber, in need of psychiatric treatment and ordered her hospitalized at Northwestern Memorial Hospital for 60 days. This court affirmed the finding and order. See *In re Haber* (1979), 78 Ill. App. 3d 1120, 398 N.E.2d 121. Sarah Moran testified during this proceeding.

On January 24, 1979, Sarah Moran filed a petition alleging that she had received threatening communications from Mary Haber and a threatening telephone call from an unidentified man. Moran requested an investigation into these matters. The trial court issued a subpoena to respondent requiring his appearance and testimony regarding any knowledge he had about the communications. Respondent was to appear on March 1, 1979.

Respondent failed to appear on the required date and the trial court issued a rule to show cause for failure to obey the subpoena. On April 3, 1979, after service of the rule to show cause, respondent appeared and testified. Further proceedings on the rule were held on April 10, May 2 and May 22, 1979. On May 22, the order challenged in this appeal was entered. This order is as follows:

"This cause coming on to be heard by agreement of counsel for Petitioners and counsel for Martin Breiner,
IT IS HEREBY ORDERED:
Martin Breiner is hereby restrained and enjoined from communicating, directly or indirectly by any means, including, but not limited to, telephoning, writing or personally visiting with Mary Haber,

Sarah Moran, Nawonna C. Moran, Peter Moran and Thomas E. Moran. Approved: Sherwin M. Weiner, atty. for Martin Breiner; Martin Breiner; Jerome F. Goldberg, atty. for Mr. and Mrs. Sam Haber."

Prior to entering this order, the trial court noted that it would only deny the rule to show cause provided that the parties agreed to the aforementioned order. The order denying the rule to show cause was entered on July 23, 1979.

On January 9, 1980, Sarah Moran filed a petition seeking to have respondent held in contempt of court for violating the agreed order. The petition alleged that respondent had sent flowers to Sarah Moran on eight occasions from September through November 1979. At the hearing on the matter, Breiner admitted sending flowers with unsigned notes to Sarah Moran, but was not aware that this conduct constituted a communication in violation of the order of May 22, 1979. Respondent was found in contempt and fined $1,000. The trial court later reduced the fine to $500 on its own motion.

First, respondent argues that the order prohibiting his communications with Mary Haber and the Moran family was void. He maintains that the trial court's jurisdiction was initially derived from the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1979, ch. 91½, par. 1—100 *et seq.*), and that under the Code, its jurisdiction terminated either (1) upon the entry of the order hospitalizing Mary Haber, or (2) upon Mary Haber's discharge from the hospital. (Ill. Rev. Stat. 1979, ch. 91½, pars. 3—813, 3—902(b).) Because the order in issue was entered during proceedings which were initiated after Mary Haber was discharged, respondent argues that the trial court lacked subject-matter jurisdiction and the agreed order was void.

Section 3—813 provides that a patient may not be hospitalized for a period exceeding 60 days unless the facility director, believing the patient is still subject to involuntary admission, files a new petition and two new certificates. (Ill. Rev. Stat. 1979, ch. 91½, par. 3—813(a).) Section 3—902(b) requires the facility director to discharge a patient when he is no longer subject to involuntary admission. (Ill. Rev. Stat. 1979, ch. 91½, par. 3—902(b).) It is clear that these statutes apply to the court's authority to order hospitalization beyond the 60-day period.

However, the matters involved in this appeal are unrelated to Mary Haber's commitment. There are no additional matters involving enforcement or correction of the commitment order. Thus, the aforementioned sections of the Mental Health and Developmental Disabilities Code are irrelevant and inapplicable to the case at bar.

Second, respondent contends that the injunctive order entered on

May 22 is invalid for the following reasons: (a) the party seeking the injunction failed to allege and prove irreparable harm and an inadequate remedy at law; (b) the injunction was not specific, did not describe those acts sought to be restrained, and did not set forth the reasons for its issuance as required by section 3—1 of the Injunction Act (Ill. Rev. Stat. 1979, ch. 69, par. 3—1); (c) the injunction was unnecessary and unenforceable; (d) the order was entered without a hearing on the merits; (e) the injunction violates his right of freedom of speech; and (f) the injunction is overbroad.

■■■ It is apparent from the order itself that the terms were agreed to by all parties involved. An agreed order is a recordation of the agreement between the parties and is not a judicial determination of the parties' rights. (*Lubowsky v. Skokie Valley Community Hospital* (1979), 79 Ill. App. 3d 909, 398 N.E.2d 1037; *English v. English* (1979), 72 Ill. App. 3d 736, 393 N.E.2d 18; *People ex rel. Illinois State Dental Society v. Iole* (1974), 19 Ill. App. 3d 894, 312 N.E.2d 328.) For this reason, an agreed order generally is not subject to appellate review. (*English; Iole.*) Such an order is conclusive on the parties and can be amended or set aside by one of the parties only upon a showing that the order resulted from fraudulent misrepresentation, coercion, incompetence of one of the parties, gross disparity in the position or capacity of the parties, or newly discovered evidence. See generally *Lubowsky v. Skokie Valley Community Hospital* (1979), 79 Ill. App. 3d 909, 395 N.E.2d 1037.

The grounds upon which respondent relies for vacating the injunctive order are not within those enumerated above. Neither respondent, nor his attorney, objected to the terms of the agreed order and their acquiescence is apparent on the face of the order. Under these circumstances, the order entered by the trial court on May 22, 1979, is not a proper subject for appellate review.

Lastly, respondent contends that the contempt order should be reversed and remanded for a trial by jury because the contempt was criminal in nature.

■■ Assuming, *arguendo*, that the contempt proceedings were criminal, the order need not be reversed nor the cause remanded. As noted in *County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 356, 282 N.E.2d 720, 723:

> "[I]n all cases involving criminal contempt, the trial court may refuse to honor defendant's demand for a jury trial. However, this refusal * * * will merely limit the maximum penalty which may be imposed upon conviction to incarceration for a period of six months or less and limit any fine to a maximum of $500. [Citation.] Only in those circumstances where the penalty actually imposed

exceeds six months incarceration or a fine in excess of $500 must the record reflect that the defendant was afforded a jury trial * * * "

Here, the fine actually imposed was $500 and the error, if any, in denying respondent's request for a jury trial, was rendered harmless by the reduction of the fine. However, we believe that a $500 fine is excessive and modify the order of the trial court by reducing the fine to $100.

For the foregoing reasons, we affirm the order denying respondent's motion to vacate the injunction, affirm the order adjudging respondent in contempt of court and reduce the fine to $100.

Orders affirmed, modified in part.

CAMPBELL, P. J., and GOLDBERG, J., concur.