*In re* MARRIAGE OF GLORIA J. CLAY, Petitioner-Appellant, and ERNEST H. CLAY, Respondent-Appellee.

Fourth District   No 4—90—0647

Opinion filed March 21, 1991.

Michael A. Fleming, of Cusack & Fleming, of Peoria, for appellant.

Holly W. Jordan, of Meyer, Capel, Hirschfeld, Muncy, Jahn & Aldeen, P.C., of Champaign, for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Petitioner Gloria J. Clay sought $6,056.94 for costs and attorney fees incurred collecting unpaid child support payments. Her petition sought payment of these costs and fees under the provisions of section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 508(b)). She was awarded $1,076 from respondent Ernest H. Clay by the circuit court of Champaign County. Petitioner now appeals, contending the trial court committed error in not awarding all costs and reasonable attorney fees.

The genesis of this appeal was a dispute over child support, which resulted in an earlier appeal to this court in *In re Marriage of Clay* (4th Dist.1989), No. 4—89—0466 (unpublished order under Supreme Court Rule 23). Because decisions under Supreme Court Rule 23 (134 Ill. 2d R. 23) are not published, a short summary of this case is necessary.

Custody of the three children of the marriage was originally awarded to the petitioner. Computation of court-ordered support from the respondent was based upon the provisions of section 505 of the Act, which includes the percentage guidelines. A monthly lump sum was fixed, based upon the guideline provision of 32%. This percentage is provided when there are three children of the parties. When the

oldest child moved in with respondent and reached 18 years of age, the respondent unilaterally reduced child support to an amount which he computed as 25% of his net income. The guidelines under section 505 of the Act provide for 25% for two children. Petitioner sought the difference between the court-ordered support and the reduced amount which was paid by the respondent. Prior to petitioner's court proceedings, respondent, subsequent to reducing the child support payment, filed a petition asking the court to reduce the payments. The trial court denied petitioner's request for relief, and that decision was appealed to our court, resulting in the aforementioned Rule 23 decision. The trial court was reversed, with a holding that the support payment originally approved by the trial court provided for a lump-sum amount and did not allow for a unilateral partial reduction without court approval. The cause was returned to the trial court for calculation and award for the deficiency.

■■ The petition for costs and attorney fees, based upon the provisions of section 508(b) of the Act, eventually was filed. Section 508(b) provides:

"In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the costs and reasonable attorney's fees of the prevailing party." Ill. Rev. Stat. 1989, ch. 40, par. 508(b).

As further clarification of what originally happened in the trial court, we refer to the petition filed by respondent subsequent to the unilateral reduction in which respondent asked for retroactive approval of the reduction. The trial court's order denying petitioner relief also originally allowed the retroactive reduction. All these matters were before our court in the *Clay* case.

On remand in the *Clay* case, the trial court determined the unpaid support amount, took evidence, and heard arguments on the petition for costs and fees. In the trial court's oral decision, it stated that the "without cause or justification" requirement of section 508(b) existed from the time of the unilateral reduction until the petition for reduction was filed. It reasoned that the court should encourage the "correct conduct" of seeking court reduction and, in so doing, should not find "without cause or justification" after the petition for reduction was filed. The reliance on the trial court's order, which precipitated the appeal in *Clay*, was emphasized as a reason for finding cause or justification for the nonpayment from the time of the trial court's order approving the reduction. The suggestion is made that a contrary

ruling would result in no motivation to ultimately correct original improper conduct of unilaterally decreasing child support. The trial court went further, though, and specifically found the hours listed by counsel in the petition requesting $6,056.94 were reasonable.

■ Our court's decision in *Clay* relied on *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12, for the proposition that, absent an express or implied court-ordered provision, a parent who pays collective or lump-sum child support payments for the support of two or more children may not unilaterally reduce the amount of that payment *pro rata* as each child becomes emancipated. We recognize that guidelines did not exist in section 505 of the Act until September 12, 1984. (See Ill. Ann. Stat., ch. 40, par. 505, Historical and Practice Notes, at 145 (Smith-Hurd Supp. 1990).) While we conclude that the *Finley* opinion continues its viability, we do recognize that support orders based upon percentage guidelines could lead one to believe there would be a correlation between continuing support payments and the change in the number of dependent children. We further conclude, for the purposes of section 508(b) of the Act, that the unilateral reduction in support payments without court order, by itself, is adequate to establish the "without cause or justification." (See *In re Marriage of Donahoe* (1983), 114 Ill. App. 3d 470, 478, 448 N.E.2d 1030, 1035.) In our present case there was no evidence of inability to pay, the reduction being based upon a mistaken belief that the respondent could reduce the child support payments on his own. The policy underlying section 508(b) is based on the necessity to eliminate or lessen the financial burden on a custodial parent that is the consequence of an action to enforce child support. (See *In re Marriage of Wassom* (1988), 165 Ill. App. 3d 1076, 1081, 519 N.E.2d 1147, 1150.) The existence of the policy calls for a finding of "without cause or justification," regardless of respondent's mistaken belief of his rights as to unilateral reduction.

■ As indicated in our court's decision in *Clay*, the trial court committed error in refusing to order the deficiency payment. In correcting that error, substantial attorney fees were incurred in the appellate and post-appellate process by both parties. We now turn to the determination of whether these fees should have been awarded under the dictates of section 508(b) of the Act. Authorities cited by both petitioner and respondent do not specifically relate to the provisions of section 508(b). We give solace to counsel because it appears that we are dealing with an issue of first impression. Under section 508(b), we are not concerned with the financial resources of the parties as we would be if the relief was sought under section 508(a) of the Act. (Ill.

Rev. Stat. 1989, ch. 40, par. 508(a).) Nor have the parties preserved the issue of reasonableness of the fees sought in the present proceedings. The trial judge's discretion as to what fees and in what amounts should be awarded to whom is not involved. (See *In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 483 N.E.2d 1229.) Provisions of section 508(b) are mandatory and, while allowing a determination of reasonableness, do not allow for discretion as to payment if the defaulting party's conduct was without cause or justification.

■ As we have stated, the policy underlying section 508(b) relates to the financial protection of the custodial parent and upon the intent to enforce child support. (See Ill. Ann. Stat., ch. 40, par. 508(b), Historical and Practice Notes, at 170 (Smith-Hurd Supp. 1990).) This policy dictates that section 508(b) applies to appellate proceedings as well as to the trial court proceedings. The policy easily applies where the custodial parent has been awarded the unpaid support by the trial court and the noncustodial parent forces the parties to the appellate level. The facts in this case present a different scenario. In our opinion, however, the same results must apply. It can be argued that respondent, by not providing the trial court with correct authority at the time of the decision which resulted in the appeal in *Clay*, aided in creating the error made at the trial level.

■ We conclude that policy requires a holding that once a noncustodial parent withholds child support without cause or justification, that party will be ordered to pay costs and reasonable fees to the prevailing party for the services rendered both in the trial and the appellate court proceedings, regardless of who initiates the appeal.

We therefore determine this cause must be reversed and remanded, with the directions to enter judgment for the petitioner in the amount of $6,056.94 instead of $1,076.

Reversed and remanded with instructions.

GREEN and McCULLOUGH, JJ., concur.