# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Marriage of Kolessar*, 2012 IL App (1st) 102448

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF CATHY KOLESSAR, f/k/a Cathy Signore, Petitioner-Appellant, and THOMAS A. SIGNORE, Respondent-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-10-2448 |
| Filed | January 17, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from an order denying petitioner's motions for reconsideration of the trial court's judgments on respondent's petitions for modification of unallocated support, the appellate court reversed the denial of petitioner's request for statutory interest on the past-due support, since the Illinois Marriage and Dissolution of Marriage Act requires that interest be paid on orders for child support, the agreed orders at issue did not contain an explicit waiver of petitioner's right to statutory interest, the trial court erred in failing to award interest and the cause was remanded for a determination of the proper amount, but the trial court's findings that respondent's first unilateral modification of his payments was not willful and contumacious and the court's failure to find the second unilateral modification was without cause or justification were affirmed where there was no abuse of discretion on the trial court's part under the circumstances. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 96-D-15574; the Hon. Barbara N. Meyer, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed in part and reversed in part; cause remanded. |
| Counsel on Appeal | Law Office of Elizabeth Lidd Factor, of La Grange (Elizabeth Lidd Factor, of counsel), for appellant. |
| | Edward M. Duthaler, of Park Ridge, for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Cunningham and Connors concurred in the judgment and opinion. |

## OPINION

¶ 1    Petitioner-appellant Cathy Kolessar (Kolessar), f/k/a Cathy Signore, appeals the order of the circuit court denying her two motions for reconsideration of its judgments on respondent-appellee Thomas A. Signore's (Signore) petitions for modification of unallocated support payments. On appeal, Kolessar contends (1) the trial court erred in denying her request for statutory interest on the past-due support; (2) the trial court erred in finding that Signore's first unilateral modification of his support payments was not willful or contumacious; and (3) the trial court erred in failing to find that Signore's second unilateral modification was without cause or justification. We reverse the court's determination as to statutory interest, but affirm the court's findings regarding Signore's unilateral modifications.

¶ 2                                    JURISDICTION
¶ 3    The trial court denied Kolessar's motions to reconsider the April 2, 2010 orders on July 15, 2010. Kolessar filed her notice of appeal on August 13, 2010. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                                    BACKGROUND
¶ 5    Kolessar and Signore were married in 1985 and had three children. One child died at birth. On February 26, 1998, the trial court entered a judgment of dissolution of marriage, which incorporated the parties' marital settlement agreement. At the time of the dissolution, their surviving children were seven and three years old. Signore was ordered to pay unallocated support of $2,000 per month based on his gross annual income of $70,000 beginning March 1, 1998 and terminating on June 2, 2011.

¶ 6    On September 25, 2008, Signore filed a petition for modification of his support obligation (first petition) alleging that (1) only one child living with Kolessar remained a minor; (2) Kolessar had remarried and found employment; (3) Signore was now employed by the University of Chicago at a "substantially" lower salary; and (4) he now had two other dependents to provide for since he remarried and has a son. From December 2008 to March 2009, while the first petition was pending in the court, Signore unilaterally modified his support obligation from $2,000 to $1,203.84 per month.

¶ 7    On April 6, 2009, the parties entered into an agreed order modifying the support provision of the judgment effective April 1, 2009. The order terminated Signore's obligation to pay unallocated family support and ordered him to pay $1,300 per month for support of the parties' minor child "until emancipation of the [minor child], entry of a permanent support order, or a substantial change in circumstance, whichever is the first to occur." On the same day, the trial court entered a uniform order for support modification finding that the amount represented 20% of Signore's "net income excluding bonuses." Neither the agreed order nor the uniform order addressed the issues of arrearage and interest to be paid on the arrearage.

¶ 8    In a letter dated June 15, 2009, Signore resigned from his job at the University of Chicago and Andrea M. Keeley, the associate director of human resources at the university, accepted his resignation. On August 6, 2009, Signore filed a petition for modification of the April 6, 2009 support order (second petition) requesting a reduction of his obligation from $1,300 to $421.14 per month. In his petition, Signore alleged that he was now receiving unemployment benefits and $421.14 represented 20% of his net benefits. He further alleged that his net monthly income had been involuntarily reduced to $2,105.74 and he had no other earnings. In August 2009, Signore unilaterally modified his support obligation from $1,300 to $421.14 per month and he continued to pay the reduced amount through February 2010.

¶ 9    On August 12, 2009, Kolessar filed a petition for rule to show cause and other relief, alleging that Signore violated the terms of the April 6, 2009 agreed order and uniform order by (1) failing to provide major medical coverage or pay his share of unreimbursed medical expenses for both children; and (2) failing to pay the arrearages resulting from his unilateral reduction of support payments from December 2008 to March 2009, as well as the accrued interest. On October 14, 2009, Kolessar filed an answer and affirmative defense to Signore's second petition alleging he had not made a showing of good faith that he resigned from his job for reasons other than to avoid support payments and that he did not experience a substantial change in circumstances. She also alleged that Signore had sufficient funds to continue paying $1,300 in monthly support despite the fact he was no longer employed. At the end of the discovery period, Signore's attorney issued a subpoena for trial to Andrea Keeley. Counsel for Kolessar filed a motion to quash the subpoena on March 25, 2010 and filed an emergency motion to quash the subpoena on March 30, 2010.

¶ 10   The trial court held a hearing on Kolessar's petition for rule to show cause, Signore's second petition and Kolessar's affirmative defenses, on April 2, 2010. The court first addressed Kolessar's motion regarding the testimony of Keeley. Counsel for Kolessar argued against allowing Keeley to testify because she was not disclosed as a witness in a timely manner and Kolessar would be prejudiced by her testimony because her case was prepared

based only on the information and documents disclosed. The trial court granted the motion to bar Keeley's testimony and exclude any documents related to her testimony.

¶ 11    The court also addressed the issue of arrears resulting from Signore's first unilateral modification from December 2008 to March 2009 as well as the accumulated interest. The parties acknowledged that both April 6, 2009 orders were silent on these issues. The court found that Signore's actions in unilaterally reducing his payments were not willful or contumacious, "but he does owe the money because the agreed order is effective April [2009] and he unilaterally reduced it in December [2008]." The court did not award interest because both orders were "silent on the issue."

¶ 12    The parties next addressed whether Signore resigned from his position at the University of Chicago voluntarily or was terminated. In her argument, Kolessar's counsel referenced documents produced by the University of Chicago but Signore's counsel objected to admitting the evidence without a proper foundation. The court noted that Signore received unemployment benefits, which would not be possible if he willfully terminated his employment. Kolessar's counsel disagreed with the court's statement. The court then proceeded to continue the hearing "in back" without the presence of a court reporter. Kolessar's brief states that "[w]hile off the record, the Court made it clear that [Kolessar's counsel] would not be allowed to call Keeley to the stand to lay an evidentiary foundation for the documents."

¶ 13    The trial court issued two orders on April 2, 2010. The first order found that Signore's first unilateral modification was not willful or contumacious, granted Kolessar's motion to bar Keeley from testifying or introducing documents not previously produced, and entered judgment against Signore in the amount of $3,184.64 for past-due support stemming from his first unilateral modification. The second order was an agreed order pertaining to Signore's second petition for modification. The court ordered Signore to pay $1,300 per month in child support plus another $376.71 per month in past-due support resulting from his second unilateral modification. The order stipulated that Signore would pay child support until June 2, 2011. Although Signore was ordered to pay both arrearages, the court did not impose statutory interest on either amount.

¶ 14    That same day, Kolessar filed a motion to reconsider the second order. She contended that Signore's second unilateral modification was without cause or justification and she was entitled to statutory interest on the arrearage. Kolessar also filed a motion to reconsider the trial court's finding that Signore's first unilateral modification was not willful or contumacious and its denial of her request for statutory interest on the first arrearage. The court denied the motions, finding that Signore's failure to pay was not willful and contumacious and that interest accrued on past-due support was discretionary. Kolessar filed this timely appeal.

¶ 15                                    ANALYSIS

¶ 16    Kolessar appeals the trial court's denial of her motions to reconsider. In the first motion, Kolessar alleged that the trial court erred in finding that the imposition of statutory interest on the arrearages was discretionary, relying on *Finley v. Finley*, 81 Ill. 2d 317 (1980). In the

second motion, Kolessar challenged the trial court's finding in its April 2, 2010 order that Signore's failure to pay support was not willful or contumacious. These arguments are not based on new matters or new legal theories but, rather, dispute the trial court's application of existing law. Therefore, our standard of review is *de novo*. *Muhammad v. Muhammad-Rahmah*, 363 Ill. App. 3d 407, 415 (2006).

¶ 17    First we address Kolessar's contention that the trial court erred in applying *Finley*. In *Finley*, the supreme court likened a dissolution proceeding to a chancery proceeding and thus held that awarding interest on support payments was within the trial court's discretion if "warranted by equitable considerations." *Finley*, 81 Ill. 2d at 332. In *Illinois Department of Healthcare & Family Services ex rel. Wiszowaty v. Wiszowaty*, 239 Ill. 2d 483 (2011), the supreme court clarified its ruling in *Finley*, finding that it "stands for the proposition that, *where there are no controlling statutes* defining unpaid support payments as judgments or providing for interest, interest may be awarded *** as a discretionary matter." (Emphasis in original.) *Wiszowaty*, 239 Ill. 2d at 489.

¶ 18    As *Wiszowaty* points out, *Finley* was decided in 1980 before the General Assembly passed Public Act 85-2 (eff. May 1, 1987), which amended the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/101 *et seq*. (West 2006)). Public Act 85-2 also amended section 12-109 of the Code of Civil Procedure to provide that support orders are judgments against the person obligated to pay, and that "[e]very judgment *** arising by operation of law from child support orders shall bear interest thereon as provided in Section 2-1303." 735 ILCS 5/12-109 (West 2006). In stating that unpaid child support payments "shall" be deemed judgments and that these judgments "shall" bear interest, the amendments indicate a "mandatory requirement." *Wiszowaty*, 239 Ill. 2d at 487. Therefore, the Marriage Act provides a statutory right to interest on judgments arising from orders for payment of child support.

¶ 19    Signore responds, however, that at issue here are agreed orders. Such an order represents "a recitation of an agreement between the parties and is subject to the rules of contract interpretation." *In re Marriage of Tutor*, 2011 IL App (2d) 100187, ¶ 13. They are not "judicial determination[s] of the parties' rights." *In re Haber*, 99 Ill. App. 3d 306, 309 (1981). Furthermore, agreed orders are "conclusive on the parties and can be amended or set aside *** only upon a showing that the order resulted from fraudulent misrepresentation, coercion, incompetence of one of the parties, gross disparity in the position or capacity of the parties, or newly discovered evidence." *Haber*, 99 Ill. App. 3d at 309. Signore argues that the orders intended to "address and finalize" all issues pertaining to his petitions for modification and the fact that they were silent on the issue of interest evidenced the parties' intent to preclude an interest award.

¶ 20    It is true that parties in an agreed order may waive their statutory rights "so long as the waiver is knowing, voluntary, and intentional." *In re Estate of Ferguson*, 313 Ill. App. 3d 931, 937 (2000). The agreed order, however, must reflect an "intentional relinquishment" of that right. *Village of Bellwood v. American National Bank & Trust Co. of Chicago*, 2011 IL App (1st) 093115, ¶ 25. Mere silence on the issue is not enough; rather, if a party intends to waive its statutory right a provision stating such should be included in the agreement. *Id.* See also *Tutor*, 2011 IL App (2d) 100187, ¶ 16 (party did not relinquish her right to postjudgment

interest where the agreed order did not contain an explicit waiver of that right).

¶ 21    Here, the agreed orders were silent on the issue of statutory interest pertaining to the arrearages. Since the Marriage Act requires that interest be paid on orders for child support, and the agreed orders at issue did not contain an explicit waiver by Kolessar of her right to the statutory interest, the trial court erred in failing to award interest on the arrearages. Therefore, we remand the cause to the trial court to determine the proper amount of interest.

¶ 22    In her second motion to reconsider, Kolessar challenged the trial court's finding in its April 2, 2010 order that Signore's failure to pay support was not willful or contumacious. It is not clear from the order whether it referred to Signore's first unilateral modification or his second unilateral modification, but the record shows that at the hearing the trial court made a finding that Signore's first unilateral modification was not willful or contumacious. When the hearing turned to his second modification, the parties began discussing Signore's employment situation at, and resignation from, the University of Chicago. The trial court noted that Signore was receiving unemployment benefits, which indicated that his termination was not willful. Counsel for Kolessar disagreed, and the trial court continued the discussion outside the presence of court reporters. Although no further reports of the proceedings are found in the record, Kolessar's brief states that "[w]hile off the record, the Court made it clear that [Kolessar's counsel] would not be allowed to call Keeley to the stand to lay an evidentiary foundation" for certain university documents. The parties subsequently entered into the April 2, 2010 agreed order detailing Signore's payment for current support, and for "past due support accrued between 9-1-09 through 2-28-10." The agreed order contained no statement that Signore's second unilateral modification was willful or contumacious or without cause or justification.

¶ 23    Kolessar contends that the trial court erred in finding that Signore's first unilateral modification was not willful or contumacious. Although noncompliance with a child support order is *prima facie* evidence of indirect civil contempt (*In re Marriage of Dall*, 212 Ill. App. 3d 85, 97 (1991) (quoting *In re Marriage of Harvey*, 136 Ill. App. 3d 116, 117-18 (1985))), the burden then shifts to the party so charged to prove that he is unable to pay (*In re Marriage of Anderson*, 409 Ill. App. 3d 191, 210 (2011))*.* The mere absence of compliance with support provisions is not sufficient to find the violating party in contempt, "unless the evidence shows the failure to comply was a willful [*sic*] and contumacious refusal to obey the court order." (Internal quotation marks omitted.) *Giamanco v. Giamanco*, 111 Ill. App. 3d 1017, 1023 (1982). Whether noncompliance is willful is a fact question for the trial court, and a reviewing court will not overturn the trial court's determination unless it is against the manifest weight of the evidence or the record reveals an abuse of discretion. *In re Marriage of Anderson*, 409 Ill. App. 3d at 210.

¶ 24    To support her argument, Kolessar relies on *In re Marriage of Clay*, 210 Ill. App. 3d 778, 781 (1991). We do not find *Clay* persuasive here. In *Clay*, the trial court ruled on a petition for attorney fees pursuant to section 508(b) of the Marriage Act. It concluded that "for the purposes of section 508(b) of the Act, *** the unilateral reduction in support payments without court order, by itself, is adequate to establish the 'without cause or justification.' " *Id.* The court in the case at bar, however, never ruled on a section 508(b) petition for attorney fees and thus made no corresponding finding on whether Signore's unilateral modification

was without cause or justification.

¶ 25    Instead, the trial court here found that Signore's reduction in support payments was not willful or contumacious. Although this court has stated that "a finding of 'willful' delinquency in making payments required by the trial court order is the equivalent of finding that the failure to comply is 'without cause or justification,' " a finding of no willful or contumacious behavior is not necessarily the same as a finding of cause or justification. *In re Marriage of Dieter*, 271 Ill. App. 3d 181, 192 (1995); see also *In re Marriage of Roach*, 245 Ill. App. 3d 742, 748 (1993).

¶ 26    Nothing in the record indicates that the court found Signore in contempt regarding his first unilateral modification. Also, the agreed order outlining Signore's obligation to pay $1,300 per month in support was silent on the "without cause or justification" issue. The record shows that at the time of the first modification, one of the parties' children had reached the age of majority, Kolessar had remarried, and Signore began working at the University of Chicago at a reduced salary. We cannot say that the trial court abused its discretion in finding that Signore's unilateral modification was not willful or contumacious, or in failing to find that he acted without cause or justification. See *In re Marriage of Garelick*, 168 Ill. App. 3d 321, 328 (1988) (trial court did not abuse its discretion in finding that party was not in contempt for his unilateral reduction of unallocated maintenance, but not making a finding of whether he acted without cause or justification).

¶ 27    Kolessar also argues that the failure to find Signore acted without cause or justification in his second unilateral modification was against the manifest weight of the evidence. Signore's second unilateral modification was the subject of an agreed order. As discussed above, an agreed order is an agreement subject to rules of contract interpretation. *Tutor*, 2011 IL App (2d) 100187, ¶ 13. In interpreting a contract, the primary concern is to give effect to the parties' intent. *Gallagher v. Lenart*, 226 Ill. 2d 208, 232 (2007). The best indicator of the parties' intent is the plain and ordinary meaning of the language in the contract. *Gallagher*, 226 Ill. 2d at 233. A court may not add terms to the agreement that the parties have not expressly included. *Tutor*, 2011 IL App (2d) 100187, ¶ 13. The April 2, 2010 agreed order is silent as to whether Signore's second modification was willful or contumacious, or without cause or justification. The trial court did not err in refusing to make such a finding as to Signore's second modification.

¶ 28    Kolessar also argues that the evidence does not support a finding that Signore experienced a substantial change in circumstances regarding his second unilateral modification, and that the trial court's failure to find his actions without cause or justification was arbitrary and capricious. Kolessar requests that this court either reverse the trial court's decision or remand for a full evidentiary hearing. The record contains very little evidence of Signore's employment situation with the University of Chicago. In fact, Kolessar's counsel filed a successful motion to bar testimony from Andrea Keeley, the associate director of human resources at the University of Chicago, and she was unable to lay a proper foundation for the admission of certain documents relating to Signore's employment history. The record indicates that most of the discussion took place outside of the court reporter's presence, and no other report of the proceedings was included in the record. Kolessar as appellant has the burden of providing a sufficient record of the trial proceedings to support a claim of error.

*Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of such a record, it is presumed that the trial court acted in conformity with the law with a sufficient factual basis for its findings. *Id.* Any doubts arising from an incomplete record will be resolved against the appellant. *Id.* Also, the record does not indicate that Kolessar requested an evidentiary hearing on this issue at trial. When a party participates in a hearing without requesting an evidentiary hearing, the right to such a hearing is waived. *Blutcher v. EHS Trinity Hospital*, 321 Ill. App. 3d 131, 141 (2001).

¶ 29    For the foregoing reasons, the judgment of the circuit court is affirmed in part and reversed in part, with the cause remanded to determine the accrued interest owed on each of the arrearages.

¶ 30    Affirmed in part and reversed in part; cause remanded.